Annie S. Wang-Poloskov (SBN 243027)
*annie@wangalc.com*
J. Andrew Coombs, Of Counsel (SBN 123881)
*andy@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff
Stussy, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stussy, Inc., | Case No. |
| Plaintiff, | Complaint For: |
| v. | 1.  Trademark Infringement; |
| | 2.  Unfair Competition; |
| Axel Hernandez; Izzy Hernandez a/k/a | 3.  False Advertising. |
| Izzy Saldana; and Does 1 through 10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Stussy, Inc. ("Stussy" or "Plaintiff"), for its Complaint alleges as follows:

### Allegations Common to All Claims for Relief

**A.    Jurisdiction and Venue**

1.    Stussy's claims for trademark infringement, unfair competition and false advertising arise under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051, *et seq*.  The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338.

2.    Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

**B.     Introduction**

3.     Stussy brings this action to combat the theft of its intellectual properties through the manufacture and/or sale of infringing and counterfeit products. Defendants Axel Hernandez ("Hernandez") and Izzy Hernandez a/k/a Izzy Saldana ("Saldana") (collectively "Defendants") are the owners, operators, and/or managers of a retail and/or wholesale business and related enterprise that is actively manufacturing, advertising, offering for sale, selling, and/or distributing, unlicensed and counterfeit apparel bearing unauthorized uses of and spurious designations identical to and/or substantially indistinguishable from Stussy's famous trademarks ("Infringing Product") via numerous identities including but not necessarily limited to VAMA, VAMAUnlimited, Vama Utd, DrSteuss, LeSteuss, VXNTAGE, DoctorSteuss, and StussyOutlet.

**C.     Plaintiff**

4.      Stussy is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Irvine, California.

5.     Stussy is a street fashion brand that since the 1980's, has been and is still now engaged in the business of manufacturing, promoting, distributing and selling its high-quality clothing.  All of Stussy's products are manufactured pursuant to its strict specifications and quality control.  Stussy is considered an "exclusive" high-end product and relies on such exclusivity to promote its brand and its sales.

6.     Stussy is the owner of all relevant intellectual property rights in a variety of world-famous trademarks in the specific class of apparel, among others.  Its name and iconic trademarks are instantly recognized, including its "Graffiti Style" mark seen here (Reg. No. 2060941):

7.    Stussy has long used, prior to the acts of Defendants as described herein, its trademark STUSSY®, including without limitation, in standard characters, in a graffiti style as shown above, and a script style, among others, including but not limited to those identified in the attached Exhibit A (the "STUSSY Marks").

8.    The STUSSY Marks are widely recognized on an international level and have become enormously popular, driven by Stussy's arduous quality standards and innovative design.  Stussy has worked for decades to cultivate a reputation for excellent products and to maintain its status as a highly sought-after brand.

9.    Stussy is famous throughout the United States and has been so for decades.  Since the early 1980s, Stussy has sold its products through a few, carefully chosen stores as well as its own STUSSY-branded stores in fashion centers such as London, Los Angeles, Milano, Paris, New York, Shanghai, and Tokyo.  Stussy also currently has or has had STUSSY-branded stores in Las Vegas, Miami, Philadelphia, San Francisco, Seattle, Honolulu, as well as an Archive Store in Orange County, California.

10.    Stussy also enjoys fame throughout the rest of the world. Without limitation, Stussy has stores in Hong Kong, Madrid, Singapore, Amsterdam, Toronto, Vancouver, Taiwan, and stores coming soon in in Shenzhen and Beijing. Stussy is incredibly popular in Japan, Australia, and New Zealand, and has multiple distributors throughout Europe.

11.    The STUSSY Marks are all valid, extant and in full force and effect. Stussy has continuously used each of the STUSSY Marks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

12.    As a result of advertising and sales, together with longstanding consumer acceptance, the STUSSY Marks identify Stussy's products and authorized sales of

these products.  The STUSSY Marks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

### D. **Defendants**

13.     Defendant Hernandez is an individual and on information and belief resides in Tustin, California.  Stussy is informed and believes, and based thereon alleges, that Hernandez operates multiple online accounts on grailed.com, depop.com, and Instagram.com, at least, to further sales of Infringing Product in this judicial district.

14.     Defendant Saldana is an individual and on information and belief resides in Santa Ana, California.  Stussy is informed and believes, and based thereon alleges, that Saldana operates multiple online accounts on grailed.com, depop.com, and Instagram.com, at least, to further sales of Infringing Product in this judicial district.

15.     Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals or supervisory employees, suppliers of the named defendants, or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of the STUSSY Marks.  The identities of the various Does are unknown to Stussy at this time.  The Complaint will be amended to include the names of such individuals when identified. The named defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

### E. **Defendants' Infringing Activities**

16.     Long after Stussy's adoption and use of the STUSSY Marks on a variety of goods, and after Stussy obtained the rights to the trademark registrations alleged above, Defendants adopted and used substantially identical likenesses of The STUSSY Marks on Infringing Product, without Stussy's consent, by manufacturing, advertising,

offering for sale, selling, and/or distributing the Infringing Product.  Defendants have caused the Infringing Product to enter into commerce and to be transported or used in commerce.

17.    Multiple sample purchases of Defendants' advertised "STUSSY" products reflect return addresses in Tustin, California and Santa Ana, California.  The samples are slavish copies of Stussy's authorized products and use near identical reproductions of the STUSSY Marks, see below non-exhaustive examples:

| Sample Infringing and Unauthorized Uses | Sample Authorized Rights |
| --- | --- |
| <br><br> | STUSSY<br>Trademark Reg. No. 1395006<br><br><br><br>Trademark Reg. No. 2060941<br><br><br>Trademark Reg. No. 5564337 |

18.     Defendants are not licensed by Stussy, and at all times relevant hereto were not authorized by Stussy or any authorized agent of Stussy, to manufacture, import, distribute, advertise, sell, and/or offer for sale the Infringing Product.

19.     By engaging in this misconduct, Defendants have acted in willful disregard of laws protecting Stussy's goodwill and related proprietary rights, and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products.  By their wrongful conduct, Defendants have traded upon and diminished Stussy's goodwill.

## **FIRST CLAIM FOR RELIEF**

### **(For Trademark Infringement)**

20.     Stussy repeats and realleges all of the allegations contained in paragraphs 1 through 19, inclusive, as though set forth herein in full.

21.     Defendants' manufacture, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product by Stussy. Such confusion, mistake and deception is aggravated by the confusing similarity between the STUSSY Marks and the use of substantially identical likenesses on the Infringing Product in the same type of goods made and sold by or under authority of Stussy.

22.     Stussy is informed and believes, and upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Stussy enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made and sold by Stussy or are in some other manner, approved or endorsed by Stussy.

23.     Stussy has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Stussy will require an accounting from each Defendant of all monies generated from the advertisement, display, offer for, manufacture, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Stussy may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

24.     Stussy has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Stussy is informed and believes, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Stussy.  Accordingly, Stussy seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

25.     By reason of the foregoing, Stussy has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Stussy is entitled to recover from Defendants, jointly and severally, its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (For Unfair Competition)

26.     Stussy repeats and realleges all of the allegations contained in paragraphs 1 through 25, inclusive, as though set forth herein in full.

27.     Stussy, at all relevant times, has been the owner of each of the STUSSY Marks.

28.    The STUSSY Marks have each acquired a secondary and distinctive meaning among the public, which has come to identify Stussy through various media and through the distribution and sale of authorized merchandise bearing or incorporating the distinctive features of the STUSSY Marks, and designating Stussy as the exclusive owner or source of such trademarks and products.  As a result of the extensive advertising, media exposure, sales and public recognition of the STUSSY Marks, combined with the positive experiences of the public in its relationship with Stussy, the STUSSY Marks are each symbolic of Stussy, and representative of the image which the public has of Stussy.

29.    Stussy is informed and believes, and upon that basis alleges, that Defendants, and each of them, have, without permission, authority or license from Stussy, affixed, applied and/or used in connection with the manufacture, distribution, and/or sale of the Infringing Product, false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods as originating from Stussy and/or otherwise approved, authorized or affiliated with Stussy, when in fact they are not.

30.    Moreover, the Defendants have, upon information and belief, caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Stussy.  Defendants, and each of them, by misappropriating and using one or more of the STUSSY Marks, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

31.    Stussy is informed and believes, and upon that basis alleges, that the Infringing Product being manufactured, distributed, and/or sold by Defendants, and each of them, will be damaging to and dilute the goodwill and reputation of Stussy.

32.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of the STUSSY Marks, are business practices likely to deceive or confuse the purchasing public and trade upon Stussy' reputation, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Stussy and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Stussy is informed and believes, and upon that basis alleges, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

33.     Stussy has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

34.     Stussy is informed and believes, and upon that basis alleges, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Stussy.  Accordingly, Stussy seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

35.     Stussy is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

36.     In order to determine the full extent of such damages, including such profits as may be recoverable, Stussy requires an accounting from each Defendant of all monies generated from the manufacture, distribution and/or sale of the Infringing Product.

37.     By reason of the foregoing, Stussy have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Stussy are entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (For False Advertising)

38.     Stussy repeats and realleges all of the allegations contained in paragraphs 1 through 37, inclusive, as though set forth herein in full.

39.     Stussy is informed and believes that Defendants manufacture, advertise, offer to sell, sell, and/or distribute unauthorized, infringing, and counterfeit products in the United States via their online accounts and direct sales.

40.     Upon information and belief Defendants' advertising in connection with sales of their products, actually deceived and/or had the tendency to deceive a substantial segment of consumers in that the distinction between a new and unauthorized, counterfeit, diverted, and/or altered product is material, likely influencing the purchasing decision by unsuspecting consumers.

41.     Defendants caused their false representations to be made in interstate commerce via their seller accounts and related sales activities.

42.     Stussy is injured as a result of Defendants' false representations concerning their products, either by direct diversion of sales from itself to Defendants or by a lessening of the goodwill associated with its products.

43.     Defendants' acts have irreparably injured, and, unless enjoined, will continue to irreparably injure Stussy, and Stussy has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Stussy demands:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active

concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.  Directly or indirectly infringing the STUSSY Marks in any manner, including generally, but not limited to, manufacture, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said STUSSY Marks, and, specifically:

2.  Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

3.  Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

4.  Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Stussy, are sponsored, approved or licensed by Stussy, or are in some way affiliated with Stussy;

5.  Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Stussy;

6.  Otherwise competing unfairly with Stussy in any manner;

7.  Destroying or otherwise disposing of

a.    Merchandise falsely bearing the STUSSY Marks;

b.    Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the STUSSY Marks;

c.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of the STUSSY Marks;

d.    Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the STUSSY Marks;

e.    Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.    That Stussy and its designees are authorized to seize the following items, which are in Defendants' possession, custody or control:

a.    All unauthorized products bearing the STUSSY Marks, or likenesses thereof;

b.    Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of the STUSSY Marks;

c.    Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of the STUSSY Marks;

d.    Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear the STUSSY Marks;

e. Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product.

C. That those Defendants infringing upon the STUSSY Marks be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Stussy's election;

D. That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E. That Defendants account for and pay over to Stussy all damages sustained by Stussy and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F. That Stussy recover from Defendants their costs of this action and reasonable attorneys' fees; and

G. That Stussy has all other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 14, 2023

Wang Law Corporation

By: _____
Annie S. Wang-Poloskov
J. Andrew Coombs, Of Counsel
Attorneys for Plaintiff Stussy, Inc.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Stussy, Inc. hereby demand a trial by jury of all issues so triable.

Dated:  February 14, 2023          Wang Law Corporation

By: _____
                    Annie S. Wang-Poloskov
                    J. Andrew Coombs, Of Counsel
          Attorneys for Plaintiff Stussy, Inc.

## EXHIBIT A

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| STUSSY | 1395006 | 5/27/1986 |
| STUSSY | 2054502 | 4/22/1997 |
| STUSSY | 2370712 | 7/25/2000 |
| STUSSY | 2393113 | 10/10/2000 |
| STUSSY | 3359114 | 12/25/2007 |
| | 2060941 | 5/13/1997 |
| | 3334366 | 11/13/2007 |
| | 2357804 | 6/13/2000 |
| | 5564337 | 9/18/2018 |

| | 2357805 | 6/13/2000 |
| STÜSSY | 2504298 | 11/6/2001 |